CLARK CLEMMONS *v.* STATE OF MISSISSIPPI.

[45 South., 834.]

CRIMINAL LAW AND PROCEDURE. *Homicide. Evidence. 'Altercations between others. Motive. Details.*

The state may show, in a murder case, as a motive for the commission of the homicide, that the defendant threatened to do violence to the deceased for having instigated, as he charged, an altercation between other parties which resulted in the death of defendant's friend; but the details of the altercation are not admissible.

FROM the circuit court of Tunica county.

HON. SAMUEL C. COOK, Judge.

Clemmons, appellant, and another were jointly indicted for the murder of Archibald Rogers. A severance being had, appellant was separately tried and convicted, sentenced to suffer death, and appealed to the supreme court.

Archibald Rogers, a negro, was assassinated at night. Clemmons, appellant, and one Joseph Saunders, both negroes, were jointly indicted for the murder. On the trial of the appellant,

the evidence to convict him of the crime was largely circumstantial. As a motive for the killing of Rogers by appellant the state introduced witnesses to prove that one John Fields, a negro and close friend of appellant, in an altercation with one Mangum had been killed by the latter; that appellant had been heard to aver that Archibald Rogers had originated the trouble between Mangum and Fields and that he, appellant, was going to kill Archibald Rogers therefor. The witnesses for the state who testified as to this were allowed to narrate before the jury all of the details of the fatal altercation between Mangum and Fields. When such testimony was offered the trial court at first sustained appellant's objection thereto, but soon thereafter allowed the testimony to be introduced over defendant's protest.

*W. G. Dinning,* for appellant.

It was error in the lower court to admit the details of the trouble between Mangum and Fields which resulted in the killing of Fields. Evidence as to the relations and feelings, or the occurrence of a previous difficulty, between the accused or the deceased and a third person is generally inadmissible. 21 Am. & Eng. Ency. Law (2d ed.), 219, citing *Bird* v. *United States,* 180 U. S., 356 and other cases. See also *Mabry* v. *State,* 71 Miss., 716, 14 South., 267, and *Levy* v. *State,* 70 Ark., 610.

Although the trial court at first sustained the objection of appellant to admission of these details between third persons in evidence, yet the court later allowed the state to prove the same. And this constituted reversible error.

*George Butler,* assistant attorney-general, for appellee.

No complaint is made by appellant as to instructions, the main point in the brief of appellant's counsel being in regard to the cross-examination of appellant by the district attorney as to appellant's connection with the killing of Fields by Mangum, and the state of appellant's mind toward Mangum and Fields.

As a general rule it is not permissible to prove the relations or feelings of accused toward third persons in trials for homicide; but when the purpose of such testimony is to furnish a motive for the crime, and to point to the accused as the probable perpetrator of it, this rule has no application in reason or in fact.

It is shown that appellant was angry with deceased because of the killing of Field by Mangum; that he was also angry with Mangum; that appellant stated several times that deceased was the instigator of that killing; that he stated several times that the boy killed by Mangum was not guilty of the charges laid against him; that deceased was a low-down, dirty, negro to have killed the boy in such way; and that if he, appellant, could have his way, the deceased would not live until the next day. In fact, it is perfectly manifest that appellant's malice toward deceased was engendered by Mangum's killing Field, of which killing appellant had claimed Rogers, the deceased, to be the sole cause.

Where the deceased has espoused the cause of those opposed to accused, and this was known to accused, such facts would be admissible. *State* v. *Gesterman,* 68 Mo., 408; 6 Encyc. Ev., 645.

Where third persons occupy such relation to the deceased, or the circumstances are such, that the defendant's conduct toward them is dictated by and indicates his malice or ill-will toward the deceased or injured person, it may be proved against him. 6 Encyc. Ev., 652. See also *Shrader* v. *State,* 84 Miss., 593, and cases there cited.

There is nothing in *Mabry* v. *State,* cited by appellant, which militates against the above proposition.

MAYES, J., delivered the opinion of the court.

The court erred in admitting the details of the trouble between Mangum and John Fields, resulting in the killing of the latter. It was competent to show, as motive for the killing

of Archibald Rogers by Clark Clemmons, that Mangum did have trouble with John Fields, resulting in the death of the latter, and that Clark Clemmons, being a freind of John Fields, attributed this trouble to Archibald Rogers, and that he was incensed with him on account of it; but it was not proper to allow all the details of the altercation between Mangum and John Fields to go to the jury. When this testimony was offered, the defendant's counsel objected, and the court sustained the objection, but soon afterwards, allowed the same testimony to be given in by the state. This being the case, and the court having admitted the testimony over the protest of the defendant, we must consider this objection as having been overruled.

For the error in the admission of this testimony, the case is *reversed and remanded.*

